IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE CRISTOBAL CARDONA, | : | |
| Plaintiff, | : | CIVIL NO. 4:10-CV-1826 |
| v. | : | (Judge McClure) |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

**MEMORANDUM**

September 28, 2010

## I. INTRODUCTION

On August 16, 2010, Plaintiff Jose Cristobal Cardona ("Plaintiff" or "Cardona"), an inmate presently confined at the United States Penitentiary - Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania, initiated the above action *pro se* by filing a Complaint under the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. (Rec. Doc. No. 1.)

Cardona filed his case in the United States District Court for the District of Columbia. By Order dated August 16, 2010, the Court observed that an FTCA claim may be prosecuted only in the judicial district where the plaintiff resides or where the conduct giving rise to the claim occurred, and that Plaintiff resides in Pennsylvania, and the alleged misconduct occurred in Texas. (*See* Rec. Doc. No.

3 (citing 28 U.S.C. § 1402(b).)  Therefore, the Court found it to be in the interests of justice and judicial economy to transfer the case to this Court.  (*Id.* (citing 28 U.S.C. § 1406(a).)  The Court further found that the transferee court would determine whether Plaintiff would be permitted to proceed in this action without prepayment of fees.  (*Id.*)

Following the opening of this case in this Court on August 31, 2010, by Order of the same date, Cardona was directed either to file the proper form for proceeding *in forma pauperis* in this Court, along with an authorization form, or to pay the required $350.00 filing fee, within thirty (30) days.  (Rec. Doc. No. 7.)  On September 13, 2010, Cardona filed a motion for leave to proceed *in forma pauperis* (Rec. Doc. No. 8) along with an authorization form (Rec. Doc. No. 9).  Accordingly, on the same date, the Clerk of Court issued an Administrative Order to the Warden of USP Lewisburg directing that the $350.00 filing fee be deducted from Cardona's inmate account in monthly installments.  (Rec. Doc. No. 10.)

On September 17, 2010, Cardona filed objections to the entry of the Administrative Order in light of the fact that this Court has not yet made a determination as to whether he will be permitted to proceed *in forma pauperis* in this matter.  (Rec. Doc. No. 11.)

2

For the reasons set forth below, Cardona's motion for leave to proceed *in forma pauperis* will be denied pursuant to the Three Strikes Rule, codified at 28 U.S.C. § 1915(g), the Administrative Order (Rec. Doc. No. 10) will be vacated, and the action will be dismissed without prejudice to Cardona's ability to reopen the case by paying the full $350.00 filing fee.

## II. BACKGROUND

Cardona has filed a Complaint under the provisions of the FTCA, 28 U.S.C. § 1346, in which he alleges that United States Marshal Ralph Mossman is responsible for his loss of personal property that occurred following his August 2001 arrest in Del Rio, Texas. (Rec. Doc. No. 1 ¶ 10.) He alleges that Mossman "wrongfully order[ed] Cardona and his wife to be incommunicated and segregated as pre-trial detainees at the GEO Facility (formerly known as Wackenhut) in Del Rio, Texas for a period of over 2 years, with no access to the outside world." (*Id.*) Cardona alleges that he and his co-defendants were convicted on March 28, 2003. (*Id.* ¶ 11.) He claims that he became aware of the loss of his personal property on or about March 10, 2008, following the release from prison of one of his co-defendants. (*Id.* ¶ 12.) He avers that his wife became personally aware of the property loss on or about March 17, 2010 when she was released from prison. (*Id.*

¶ 13.) Among the property he alleges he has lost are automobiles, electronics, kitchen appliances, furniture, tatoo paraphernalia, clothing, and jewelry. (*Id.* ¶ 16.) Cardona alleges that he filed a tort claim on May 7, 2009. (*Id.* ¶ 7.) Although he recognizes that a tort claim against the United States must be filed within six (6) months from the date of final denial of the claim by the agency to which it was presented, *see* 28 U.S.C. § 2401(b), Cardona does state when his tort claim was denied. However, he states that the six (6) month period to commence a civil action expired on May 7, 2010, and thus it appears that he is claiming that he did not receive a final decision on his tort claim, and thus, pursuant to 28 U.S.C. § 2675(a), he deemed it denied six (6) months after its filing, which was on November 7, 2009. The instant action was commenced over three (3) months after the deadline, and therefore, Cardona requests "equitable tolling" because he was in transit starting on March 11, 2010. (*Id.* ¶ 7.)

## III. DISCUSSION

Title 28 U.S.C. § 1915(g) provides as follows:

(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A search of Westlaw reveals that Cardona has, on at least three (3) other occasions, initiated civil rights actions that were dismissed as frivolous. In *Cardona v. Menifee*, 258 Fed. Appx. 642 (5th Cir. 2007), the Fifth Circuit Court of Appeals referred to Cardona's previous strikes in the following explanation of its denial of his request to proceed *in forma pauperis*:

> The district court's dismissal of Cardona's action and this court's dismissal of his appeal count as two strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir.1996). The district court's dismissal and this court's dismissal of the appeal in *Cardona v. Tuite,* No. 07-30041, 2007 WL 4371967 (5th Cir. Dec. 10, 2007) (unpublished), also count as two strikes under § 1915(g). *Id.* As Cardona has now accumulated at least three strikes, he is barred from proceeding in forma pauperis pursuant to § 1915 while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

258 Fed. Appx. 642.

Based on the foregoing, the instant action is subject to dismissal under § 1915(g). However, before deciding whether to dismiss under that provision, we first must consider whether the "imminent danger" exception to § 1915(g) is applicable in this case. The Third Circuit Court of Appeals has concluded that the

5

requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc), *cert. denied*, 533 U.S. 953 (2001). Thus, past danger is insufficient; "[s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.' " *Id.* at 313. Instead, "'[i]mminent' dangers are those dangers which are about to occur at any moment or are impending." *Id.* at 315. Therefore, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Cardona's allegations under the Federal Tort Claims Act claim do not suggest that he is in imminent danger of serious physical injury. Rather, he seeks to pursue a tort claim based on his alleged loss of personal property that occurred sometime after his 2001 arrest. Although he admits that he is subject to the Three Strikes provision in his motion for leave to proceed *in forma pauperis*, he asserts that he is in danger of serious physical injury because the Three Strikes Rule interferes with constitutional rights, and is therefore repugnant to the Constitution. (Rec. Doc. No. 8 ¶ 3.) This explanation does not suggest any danger of serious physical injury and therefore is insufficient to allow Cardona to avoid application of the Three Strikes Rule. Therefore,

notwithstanding any determination as to whether Cardona's claim is even timely, we find that dismissal pursuant to the Three Strikes Rule is appropriate, without prejudice to Cardona's ability to re-open the action by paying the full filing fee. An appropriate Order will enter.

      s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSE CRISTOBAL CARDONA, :
:
    Plaintiff, : CIVIL NO. 4:10-CV-1826
:
v. : (Judge McClure)
:
UNITED STATES OF AMERICA, :
:
    Defendant. :

## **ORDER**

September 28, 2010

In accordance with the foregoing Memorandum, **IT IS HEREBY**

**ORDERED THAT:**

1.    Plaintiff's application for leave to proceed *in forma pauperis* (Rec. Doc. No.2) is **DENIED**.

2.    Plaintiff's Complaint is **DISMISSED** under 28 U.S.C. 1915(g) without prejudice to Plaintiff's ability to reopen the case by paying the full $350.00 filing fee.

3.    The Administrative Order (Doc. 10) is **VACATED**. The Clerk of Court shall send notice to the Warden at Plaintiff's current place of incarceration.

4.    The Clerk of Court shall **CLOSE** this case.

5.    Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge